Case 1:02-cv-02949-LSC   Document 14   Filed 06/04/03   Page 1 of 8

# United States District Court
# Northern District of Alabama
# Eastern Division

FILED
03 JUN -4 PM 3:41
U.S. DISTRICT COURT
N.D. OF ALABAMA

| | |
|---|---|
| State Beauty Supply, Inc., and<br>Beauty Alliance, Inc., | ]<br>]<br>] |
| Plaintiff(s), | ]<br>]  CV-02-CO-2949-E |
| vs. | ]<br>] |
| National Beauty Supply, Inc., Glenn<br>Hurd and Jan Hurd, | ]<br>]<br>] |
| Defendant(s). | ] |

ENTERED
JUN 0 4 2003

## Memorandum of Opinion

### I. Introduction.

The court has for its consideration a motion to compel arbitration filed by plaintiffs State Service Systems, Inc. and Beauty Alliance Inc., regarding a Distributorship Agreement the parties had entered into in November of 1999. (Doc. #1). The defendants, National Beauty Supply, Inc., Glenn Hurd, and Jan Hurd, filed a response to the motion opposing arbitration asking the court to abstain from exercising its jurisdiction because they filed a nearly identical suit which is pending in an Alabama state court. (Doc. #2). The parties have had an opportunity to brief the issues and after due consideration the court finds that the motion to compel arbitration is due to be granted.

### II. Facts

This court's jurisdiction is properly invoked pursuant to 28 U.S.C. § 1332 and Section 4 of the Federal Arbitration Act, 9 U.S.C. § 4 ("FAA"). The amount in controversy exceeds $75,000, exclusive of interest and costs. National Beauty Supply, Inc. is a corporation



organized and existing under the laws of Alabama with its principal place of business in Alabama. Plaintiffs Glen and Jan Hurd are also residents of the state of Alabama. Defendant, State Service Systems, Inc., is a corporation organized and existing under the laws of Oklahoma with its principal place of business in Oklahoma. Beauty Alliance, Inc. is a corporation organized and existing under the laws of Nevada with its principal place of business in Florida.

On or about November 11, 1999, the defendants entered into a Distributorship Agreement with State Service, Inc. to operate a beauty and barber supply distributorship. The Distributorship Agreement contains a provision requiring arbitration of "any and all disputes" between the parties. (Doc. #2, Exh. C). On or about October 31, 2002, the defendants filed a civil action in Jefferson County against the plaintiffs and other defendants. In this complaint, the plaintiffs allege that State Service, Inc. and others conspired to allow other companies to compete with them in violation of the Distributor Agreement. The suit also contains state law claims for intentional interference with a contractual relationship, fraud, suppression, deceptive trade practices, and conversion. (Doc. #2, Exh. A). Shortly thereafter, two of the plaintiffs in the state court suit filed the instant claim with this court to compel arbitration.

**III.    Discussion.**

The defendants contend that the court should either dismiss the action or order the defendants to remove the underlying state court case to federal court as the issues the arbitrator would address are identical to those that the Circuit Court of Jefferson County will address in deciding *National Beauty Supply, Inc., et al. v. State Service Inc., et al.* Civil

Action No. CV-02-6630, which is the concurrent pending state suit.[1] Aside from the state court issue, the parties do contest that the dispute is otherwise arbitrable. The court will therefore limit its review to the abstention issue.

The defendants request that the court abstain from exercising its otherwise proper subject matter jurisdiction in this matter. As the Supreme Court and the Eleventh Circuit have explained. "Abstention from the exercise of federal jurisdiction is the exception, not the rule." *Metropolitan Life v. Lockette*, 155 F.3d 1339 (11th Cir. 1998). In *Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800, 813 (1976), the Supreme Court held that:

> "The doctrine of abstention, under which a District Court may decline to exercise or postpone the exercise of its jurisdiction, is an extraordinary and narrow exception to the duty of a District Court to adjudicate a controversy properly before it. Abdication of the obligation to decide cases can be justified under this doctrine only in the exceptional circumstances where the order to the parties to repair to the state court would clearly serve an important countervailing interest."

*Id.* (quoting *County of Allegheny v. Frank Mashuda Co.*, 360 U.S. 185, 188-89 (1959)). The Supreme Court has outlined six factors to consider in determining whether to abstain under the *Colorado River* Doctrine of Judicial Economy. *Moses H. Cone Mem. Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 103 (1983). The factors are: (1) the order in which the courts assumed jurisdiction over the property; (2) the relative inconvenience of the fora; (3) the order in which jurisdiction was obtained and the relative progress of the two actions; (4) the desire to avoid piecemeal litigation; (5) whether federal or state law provides the

---

[1] Removing the case would be impossible, however, because the case pending in Alabama involves Alabama defendants and thus would defeat jurisdiction based on diversity. 28 U.S.C. § 1441(b).

basis for decision of the case; and (6) whether the state court will adequately protect the rights of all parties. *Id.* at 16-26; *see also First Franklin Financial Corp. v. McCollum*, 144 F.3d 1362, 1364 (11th Cir. 1998) (citing the factors). While no one factor is controlling, typically courts weigh the factors with a bias towards exercising jurisdiction. *TranSouth Fin. Corp. v. Bell,* 149 F.3d 1292, 1295 (11th Cir. 1998).

This case is quite similar to the factual scenario and arguments of several Eleventh Circuit Cases and cases decided in the district courts. *McCollum*, 144 F.3d at 1364-1365; *Bell*, 149 F.3d at 1296; *Lockette,* 155 F.3d at 1339 (11th Cir. 1998); *United Benefit Life Ins. v. Collins*, 2001 WL 273902 (N.D. Ala. 2001); *Central Reserve Life Ins. Co. v. Kiefer*, 211 F.R.D. 445 (S.D. Ala. 2002) (same). For example, in *McCollum*, McCollum initially sued First Franklin and one its employees in state court alleging various state causes of action. Shortly thereafter, First Franklin brought suit in federal court pursuant to the Federal Arbitration Act asking the federal court to compel arbitration. *McCollum*, 144 F.3d at 1363. The district court dismissed the action and the Eleventh Circuit reversed the dismissal.

In *McCollum*, the Eleventh Circuit found that the underlying state court claim against the two defendants was divisible: "McCollum v. [the employee] and McCollum v. First Franklin. First Franklin seeks to arbitrate only McCollum v. First Franklin, and there is undoubtedly diversity in that underlying dispute. *Id.* The divisibility of the claims in *McCollum* suggests that the claims in this case are similarly divisible. The *McCollum* court also addressed the six factors from the *Moses H. Cone Memorial Hospital Case*, and found that they weighed in favor of abstention. *Id.* The court's application is instructive in this case as well.

Although the parties have not specifically stipulated these points, it appears that the first two factors, the jurisdiction over property and relative inconvenience of the fora, are irrelevant. Next, the *McCollum* court found that the third factor, the potential for piecemeal litigation was low because of the narrow scope of the federal complaint. *Id.* at 1364-65. The scope of the federal complaint in the case at bar is also fairly limited–the court is asked only to address the question of whether to arbitrate the claim.[2] *Id.*; see also *Lockette*, 155 F.3d at 1342. Therefore, according to the Eleventh Circuit, the question does not amount to dangerous piecemeal litigation or, if it is, it is piecemeal litigation that is protected by federal policy.

Regarding the fourth factor, the order in which the tribunals gained jurisdiction, the *McCollum* court found that the relatively small amount of time in between McCollum filing the state court claim and First Franklin filing the federal claim weighed against abstention. The court held, "there is no suggestion in the record that First Franklin could have [filed the federal action] so much earlier than that, or that First Franklin could have known before McCollum sued in state court [McCollum] would not honor the arbitration agreement. *McCollum*, 144 F.3d at 1364-65. The *McCollum* court also considered the potential disruption to the state court litigation and found that because the federal litigation was actually moving forward more quickly than the state litigation, the factor did not weigh

---

[2] In *United Benefit Life Ins. v. Collins*, this court explained:
"Apparently, piecemeal litigation is only a concern when the merits of a case not the forum of the case, are at issue. And even if the order compelling arbitration presented a danger of piecemeal litigation, according to the Eleventh Circuit, 'that is piecemeal litigation that the parties [by signing the arbitration agreement] and federal policy have together made mandatary.'"
2001 WL 273902 (N.D. Ala. 2001) (quoting *McCullom*, 144 F.3d at 1364)).

against abstention. As with *McCollum*, the jurisdiction of the court was obtained relatively quickly to the filing of the underlying suit in state court. The state court suit was filed October 31, 2002 and this action was filed on December 4, 2002. Although the court does not know whether the defendants in this case refused to arbitrate, the court assumes because they filed suit in state court that they did not wish to honor the arbitration agreement. It is the court's understanding that the state court has not yet ruled on the parallel proceeding. Therefore the potential for disruption in the underlying action appears to be minimal.

Considering the fifth prong, whether federal or state law provided the basis for decision of the case, the *McCollum* court determined that federal law provided the rule of decision because the petition was brought under the FAA. *Id.* at 1365. The fact that the case was also brought under diversity jurisdiction was irrelevant. *Id.* at 1363. The analysis is identical in this case. Finally the *McCollum* court considered the state court's adequacy to protect the plaintiffs' rights. *Id.* at 1365. Although the Alabama state courts can compel jurisdiction under the FAA, the court found this capability to be insufficient to "[weigh] heavily in favor of relinquishing jurisdiction." *Id.* Here, the court also finds that Alabama State court could address the dispute but that, standing alone, this factor is insufficient to merit abstention.

The parallel state court proceeding could potentially jeopardize this court's jurisdiction because when a federal court grants a motion to compel arbitration it retains jurisdiction to confirm or vacate the resulting arbitration award under 9 U.S.C. §§ 9-10. In *TransSouth Financial Corp. v. Bell*, the court noted that "if the district court orders a

arbitration, a stay of the state court proceedings might be appropriate at that point because continued state proceedings could jeopardize the federal court's ability to pass on the validity of the arbitration proceeding it has ordered." 149 F.3d 1292, 1297-98 (11th Cir. 1998). The court found that it had the authority to issue such an injunction pursuant to the exception to the Federal Anti-Injunction Act's exception which allos injunction where they are necessary "to aid the federal court's juridcition over an action." *Id.* (citing 28 U.S.C. § 2283). The court did not issue such a stay because the issue was not ripe for decision. *Id.* at 1297-98. Other courts, however, have stayed the pending state court litigation. *See Woodmen of the World Life Ins. Society v. Johnson*, 23 F. Supp. 2d 1344, 1345-46 (S.D. Ala. 1998); *Central Reserve Life Ins. Co. v. Kiefer*, 211 F.R.D. 445, 452 (S.D. Ala. 2002). The court finds that because the state court will be addressing identical issues that such a stay is appropriate in this case.

In conclusion, because the parties have not presented the court with a reason why its case merits a departure from the court's ordinary bias in favor of exercising jurisdiction, the court declines to abstain. *TransSouth Financial Corp. v. Bell*, 149 F.3d 1292, 1296-97 (11th Cir. 1998). Accordingly, the motion to compel arbitration is granted and the court will issue an order to stay the underlying state court proceedings.

**IV.  Conclusion.**

The court will enter an appropriate order in conformity with this memorandum of opinion.

Done, this __3rd__ of June, 2003.

L. Scott Coogler
United States District Judge